IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUN 16 PM 12:40

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| WILLIE SYLVESTER MERRIWEATHER, ) ) ) Plaintiff, ) ) v. ) ) RONNIE STRENGTH, Sheriff of ) Richmond County, ROBIN ASHMORE, ) Investigator, JOHNNIE ROY WATKINS, ) DANIEL CRAIG, District Attorney's ) Office, SCDC – STATE ) CLASSIFICATION, MICHAEL ) MATHEW, Division of South Carolina, ) LISA MILLER, and VINCE EUBANKS, ) Augusta Sheriff's Department, ) ) Defendants. ) | CV 111-086 |

___

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Plaintiff, an inmate currently confined at the Ridgeland Correctional Institution, in Ridgeland, South Carolina, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and seeks permission to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I. **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

II. **DISCUSSION**

A. **Prior Filing History**

Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for failure to state a claim upon which relief may be granted: (1) Merriweather v. DSS, Civil Action No. 8:97-2082 (D.S.C. Dec. 3, 1997); (2) Merriweather v. Parker, Civil Action No. 6:97-3149 (D.S.C. Dec. 2, 1997); and (3) Merriweather v. Moore, Civil Action

---

[1]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

No. 6:97-3150 (D.S.C. Oct. 29, 1997).

In each of these cases, Plaintiff filed a complaint that was dismissed for failure to state a claim. Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. In his complaint, much of which is incoherent, Plaintiff appears to attempt to state a claim based on a detainer lodged against him at his place of confinement in South Carolina by officials in the Richmond County Sheriff's Office. (See doc. no. 1, pp. 5-6.) Plaintiff alleges that the Richmond County officials conspired with prison officials in South Carolina to lodge the detainer against him, which has somehow prevented him from participating in a work release program. (Id.) Plaintiff also asserts, without explanation, that he has been subjected to defamation, libel, and slander, and that prison officials have infringed upon his right to exercise his religious beliefs. (Id.) Plaintiff requests $1,750,000 in damages as relief for the harm he has allegedly suffered. (Id. at 7.)

None of the allegations in Plaintiff's complaint suggest that he was in "imminent

3

danger" at the time he commenced this case. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three-strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 6th day of June, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE